# United States Court of Appeals for the Fifth Circuit

No. 22-40020
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 10, 2023
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLAY MELTON DENTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-241-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Clay Melton Denton was found guilty by a jury of distribution of child pornography, receipt of child pornography, and possession of child pornography involving a prepubescent minor. He was sentenced within the applicable guidelines range to 240 months of imprisonment, followed by eight years of supervised release. On appeal, Denton challenges the district

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court's denial of his motion to dismiss his indictment and its rejection of his requested spoliation jury instruction. He also contends that the district court procedurally erred in its analysis of 18 U.S.C. § 3553(a)(6) and failed to consider disparities among defendants nationwide in denying his request for a downward sentencing variance.

We review a district court's denial of a motion to dismiss an indictment de novo and the underlying factual findings, including a bad faith determination, for clear error. *United States v. McNealy*, 625 F.3d 858, 868-69 (5th Cir. 2010). To prevail on his motion to dismiss his indictment, Denton was required to show that potentially useful evidence was lost or destroyed by the Government in bad faith. *See Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988) (government's failure to preserve "material exculpatory evidence" constitutes a denial of due process irrespective of good or bad faith but "merely potentially useful evidence" requires a showing of bad faith); *McNealy*, 625 F.3d at 868. There is no evidence that law enforcement personnel intentionally lost or destroyed any digital evidence in order to impede Denton's defense. Rather, the record reflects that the search team followed what they believed to be standard procedures and conducted a risk analysis before powering down and seizing devices at Denton's home. Denton therefore has failed to show that the district court clearly erred in determining there was no bad faith and denying his motion to dismiss. *See McNealy*, 625 F.3d at 868-70.

Next, we review the district court's denial of a spoliation jury instruction for abuse of discretion. *United States v. Valas*, 822 F.3d 228, 239 (5th Cir. 2016). "[T]he party seeking the instruction must demonstrate bad faith or bad conduct by the other party." *Id.*; *see United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000). "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (addressing spoliation in

the civil context). Although Denton urges this court to adopt a lesser standard of culpability, such as negligence, we are bound by the rule of orderliness. *See United States v. Berry*, 951 F.3d 632, 636 (5th Cir. 2020) (later panel cannot overrule an earlier panel's decision). Denton maintains that the agents failed to properly power off his devices, seize all components of his computer system, and map the system. Nothing in the record, however, establishes that the agents intentionally failed to do these things for the purpose of hiding exculpatory evidence. Thus, because Denton failed to show bad faith, we find no abuse of discretion. *See Valas*, 822 F.3d at 239.

Because Denton did not preserve his claim of procedural error, our review of his sentence is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). In support of his argument that the district court improperly limited its analysis and construction of § 3553(a)(6), and failed to consider disparities among defendants nationwide, Denton relies on the district court's remarks that it had never granted a downward variance in a child pornography case based on the nationwide statistics submitted by Denton. This argument, however, fails to recognize that the district court's remarks were made in response to Denton's contentions—in support of his requested downward variance—that inconsistencies in child pornography sentences exist across the federal districts and that application of the Sentencing Guidelines in his case is against public policy. Denton has not shown that the district court committed a clear or obvious procedural error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

To the extent that Denton's arguments may be viewed as a challenge to the substantive reasonableness of his sentence, our review is for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020); *see also United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020). Denton's argument that the district court erred by not considering the

No. 22-40020

nationwide sentencing disparities among similarly situated defendants is unpersuasive. *See United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019); *United States v. Hernandez*, 633 F.3d 370, 379 (5th Cir. 2011). Denton is essentially asking us to reweigh the § 3553(a) factors, which we will not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, his argument does not suffice to rebut the presumption of reasonableness that applies to his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.